### CHARLES PARSONS *vs*. SAMUEL CLARK.

### York.    Opinion December 3, 1884.

*Trespass.    Waters.    Riparian owner.    Ways.    Bridges.*

The owner of land upon tide water holds to low water mark subject to the public easement, as expressed in the colonial ordinance of 1641–7.

A stream subject to the tide, and of sufficient size to give passage for boats, is a navigable stream, and the public has the right to boat and fish there.

The leaving a boat in such stream below low water mark, is not a trespass upon the land of the riparian owner.

A bridge across such stream, built and maintained for public use, resting at each end upon the land of the riparian owner, within the limits of a highway, is not his property.

The fastening of a boat to such bridge is not a trespass upon the property of the riparian owner, or upon property of which he has possession or control.

A traveler as against the owner of the fee, has a right to turn from the beaten path of a highway and use any part of it to pass and repass upon.

A traveler has a right to approach a public water way from any part of the highway, without becoming a trespasser upon the owner of the fee.

ON EXCEPTIONS to the ruling of the court in ordering a nonsuit,

The opinion states the case and material facts.

*Bourne and Son* and *R. P. Tapley*, for the plaintiff.

The owner of the land adjoining each side of a way, owns the fee of the road subject to the easement of the public to travel over it. The soil of the road is as absolutely his property as is the lot adjoining it. And any other person who digs up the soil, cuts down a tree, or removes a rock, or even stands there an unreasonable time, without his consent, is a trespasser. *Muzzey* v. *Davis*, 54 Maine, 363; *Stinson* v. *Gardiner*, 42 Maine, 254; *Esty* v. *Baker*, 48 Maine, 495; *Stackpole* v. *Healy*, 16 Mass. 33; 2 Greenl. Ev. § 616; *Grove* v. *West*, 7 Taunt. 39; *Northampton* v. *Ward*, 1 Wilson, 107; *Dovaston* v. *Payne*, 2 H. Black. 527; 3 Starkie, Ev. 1106, n.

The plaintiff's land upon which the bridge is resting, can rightfully be used for no other purpose than holding up the bridge. Not even the town could confer the right to use it for other purposes. And to hold the bridge for the purposes of

travel only. The defendant gets no right to fasten his boat to the bridge by virtue of the laws taking the land for a highway. The public have only an easement, and the right to construct an easy and safe passage.

The land upon which the abutment stands, was as much the resisting point which held the boat as if a stake had been driven into the bank, and the boat fastened to that.

The stream is not a navigable stream. A boat at low water could not go up and down. See *Wadsworth v. Smith*, 2 Fairf. 281; *Com.* v. *Charlestown*, 1 Pick. 180; *Rowe* v. *The Granite Bridge Corp.* 21 Pick. 341.

But if it could be shown that the river is navigable, it would afford the defendent no justification. Whatever right he has to free fishing — if he has any — he must derive from c. 63, Colony Laws.

That act only gives the right of fishing in tide waters to an inhabitant " who is a householder. " *Barrows* v. *McDermott*, 73 Maine, 451.

It is not alleged nor proved in this case that the defendant is a householder.

Counsel further cited: 2 Dane's Abr. 692; *Cortelyou* v. *Van Brundt*, 2 Johns. 357; *Coolidge* v. *Williams*, 4 Mass. 140; *Duncan* v. *Sylvester*, 24 Maine, 482.

*A. E. Haley*, for the defendant, cited: 2 Dane's Abr. 68; *Moulton* v. *Libbey*, 37 Maine, 485; 3 Kent's Com. 521; *Com.* v. *Alger*, 7 Cush. 67; Angell, Watercourses, c. 13, § § 542, 545, 535; 2 Wash. Real Prop. 679; 5 Wend. 423; 7 Conn. 186; 9 Conn. 40; *Berry* v. *Carle*, 3 Maine, 269; *Com.* v. *Chapin*, 5 Pick. 199; *Veazie* v. *Dwinel*, 50 Maine, 479; *Wadsworth* .v. *Smith*, 2 Fairf. 278; 7 Maine, 273; 31 Maine, 9; 42 Maine, 150; *Treat* v. *Lord*, 42 Maine, 552; 1 Hilliard, Torts, c. 20, § 1; *Mahew* v. *Norton*, 17 Pick. 357; *O'Linda* v. *Lothrop*, 21 Pick. 292.

HASKELL; J. This is an action of trespass *q. c.* Defendant pleads the general issue, with a brief statement, justifying his acts as done in the exercise of the right to free fishing.

The plaintiff reads in evidence a quitclaim deed to himself of a farm, through which a small stream runs toward the sea. Into this stream the ordinary tide flows to a height of from five to six feet, and leaves at low water throughout the plaintiff's land, a depth of from one to two feet.

A highway crosses the farm and its bridge spans the stream, having abutments about twenty feet apart. These are not shown to rest upon the soil above low water. The stream is of sufficient size to afford passage for small boats from the bridge to the sea.

A small boat used by the defendant for fishing, was found under the bridge and fastened to it, by a rope or chain from each end, so that it lay in the water lengthwise of the stream. The leaving and fastening of this boat is the trespass sued for.

The plaintiff entered under his deed, and by it, he acquired title to the land and flats to low water mark upon the stream, subject to the rights of the public at common law, as expressed in the colonial ordinance of 1641–7. *Sparhawk and Wife* v. *Bullard*, 1 Met. 95; *Storer* v. *Freeman*, 6 Mass. 435; *Commonwealth* v. *Charlestown*, 1 Pick. 180; *Walker* v. *B. & M. R. R.* 3 Cush. 22; *Attorney General* v. *Boston Whf. Co.* 12 Gray, 553; *Duncan* v. *Sylvester*, 24 Maine, 482; *Winslow* v. *Patten*, 34 Maine, 25; *Partridge* v. *Luce*, 36 Maine, 16; *Montgomery* v. *Reed*, 69 Maine, 510.

The flux and reflux of the tide is strong evidence against the right of private property in such waters. *Miles* v. *Rose*, 5 Taunt. 706. The fact that the stream throughout the plaintiff's land is subject to the tide, and of sufficient size to give passage for boats, makes it a navigable stream and gives the public the right to boat and fish there. *Parker* v. *The Cutler Mill Dam Company*, 20 Maine, 353; *Moulton* v. *Libbey*, 37 Maine, 472; *Veazie* v. *Dwinel*, 50 Maine, 479; *Preble* v. *Brown*, 47 Maine, 284; *Commonwealth* v. *Chapin*, 5 Pick. 199; *Attorney General* v. *Woods*, 108 Mass. 436.

The leaving of the defendant's boat in the stream below low water mark, was not a trespass upon the plaintiff's land, because neither the water, nor the soil under water, belonged to him.

Whether that act was an unlawful obstruction to the stream, is foreign to this case. Nor does the case show that the boat was fastened to any part of the bridge above the plaintiff's soil, or to which he had title, or of which he held possession. The bridge was a structure, built and maintained for public use, resting at either end upon the soil of the plaintiff, over which the road passed. This structure did not become the property of the plaintiff by reason of its resting upon his own soil. It was put there by authority of law, and the structure did not thereby become a part of the freehold, any more than a chattel would, placed upon another's ground by permission of the owner of it. *Harrison* v. *Parker et al.* 6 East. 153. If the way should be discontinued and located across the same stream below the plaintiff's land, would not the public have a right to remove the bridge to the new location? If the structure had become the property of the plaintiff, surely this could not be done. If a stranger should have destroyed the rail to this bridge, upon what principle of law could the plaintiff have trespass for the act? Neither was he the owner of the rail, nor in possession of it. So it was with the timber to which the boat was fastened. It was not the plaintiff's property, nor in his possession. The defendant is not shown to have set foot upon the plaintiff's soil. If it is said that the defendant must have landed from his boat upon some part of the highway, it could make no difference, because the traveler, as against the owner of the fee, has the right to turn from the beaten path and use any part of the highway to pass and repass upon. *Dickey* v. *Maine Telegraph Co.* 46 Maine, 483. And the defendant would have a right to approach the stream, which is a public water way, from any part of the highway, without becoming a trespasser upon the plaintiff's close. In no aspect does the evidence warrant this suit. The nonsuit was properly ordered.

*Exceptions overruled.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY and FOSTER, JJ., concurred.